**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MIKHAIL KOUTASSEVITCH,

        Petitioner,

vs.                               No. 1:26-cv-00927-WJ-DLM

WARDEN of Cibola County Correctional
Facility; MARY DE ANDA-YBARRA,
Field Office Director, Enforcement and
Removal Operations, El Paso Field Office;
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security;
and PAMELA JO BONDI, United States
Attorney General,

        Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>DISMISSING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on the Motion to Dismiss and Response to Petition for
Writ of Habeas Corpus filed by Respondents. **[Doc. 7]** ("Motion").  The Court, having considered
the Motion and Petitioner's Reply to Respondents' Motion to Dismiss and Response to Petition
for Writ of Habeas Corpus **[Doc 8]** finds the Motion should be granted.  Therefore, the Court grants
the Motion and dismisses this case without prejudice for lack of jurisdiction and as premature.

**<u>Background</u>**

Petitioner is a noncitizen of the United States and native of Russia. Petitioner was born in
1972 in Stavropol Territory of the former Union of Soviet Socialist Republics ("USSR").  He holds
a Soviet passport form the USSR, which the Russian Federation does not recognize as a valid

travel document for a citizen. **[Doc. 1 at 4]**. Petitioner left the USSR and traveled to Hungary on his passport in 1988.  **[Doc. 1 at 4].**

On March 22, 1988, Petitioner entered the United States on a J1 Exchange Visitor visa. **[Dox. 1 at 4].**  Although the visa expired on December 31, 1999, Petitioner did not leave and, instead, remained in the United States without authorization.  **[Doc. 7 at 2]**. Petitioner's visa expired on December 31, 1999. *Id.* Petitioner remained in the United States without lawful status.

On January 27, 2026, Petitioner was encountered by Immigration and Customs Enforcement ("ICE") officers who verified that Petitioner was without lawful status in the United States. *Id.* Petitioner was arrested for violation of Immigration and Nationality Act ("INA") 237(a)(1)(B) as a visa overstay and detained pursuant to 8 U.S.C. § 1226. **[Doc. 7 at 2]**. On February 6, 2026, Petitioner was served a Notice to Appear formally charging removability under INA § 237(a)(1)(B). *See* Exhibit B, Notice to Appear. **[Doc. 7-2]**.

On March 24, 2026, Petitioner was provided with a bond review pursuant to 8 C.F.R. § 1236. **[Doc. 7-3]**. The Immigration Judge denied bond because "[Petitioner] has not met his burden of showing that he is not a flight risk. The Court denies bond as a matter of discretion." **[Doc. 7-3 at 1]**. Petitioner did not appeal that bond denial to the Board of Immigration Appeals ("BIA"). **[Doc. 8 at 2-3]**.  Petitioner also filed an asylum application with the U.S. Immigration Court on February 12, 2026, which appears to remain pending. **[Doc. 1 at 5]**.

Petitioner asserts that he is "stateless" due to entering the United States on a Soviet passport in 1998. *See* Doc. 1 at 4-5. Following the dissolution of the USSR in 1991, Petitioner apparently did not request updated Russian travel documents until 2022. That request was denied by the Russian government due to an inability to verify information in Petitioner's application. **[Doc. 1-2]**. Presently, Petitioner remains detained pending resolution of removal proceedings before

the U.S. Immigration Court. Petitioner seeks immediate release or another bond/detention hearing. **[Doc. 1 at 8-9]**.

## Legal Standards

The parties agree that Petitioner is subject to 8 U.S.C. § 1226.  **[Doc. 6 at 3; Doc. 7 at 1]**. Section 1226(a) establishes a statutory process for arresting and detaining noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). As the Supreme Court explained in *Jennings*, "Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Id.* Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In general, under federal regulations, noncitizens detained under § 1226(a) "receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

According to the federal regulations pertaining to "[a]pprehension, custody, and detention," at the time of issuance of the notice to appear, or anytime afterwards and until removal proceedings are concluded, the noncitizen "may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). The regulations designate which immigration officers may issue an arrest warrant and which may serve it. *Id.* Section 236.1(d)(1) provides:

> "After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, … the immigration judge is authorized to exercise the authority in section 236 of the Act … to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released…"

8 C.F.R. § 236.1(d)(1).

Under Section 1357 an immigration officer has authority to interrogate any person he believes to be an alien regarding that person's right to be in the United States. 8 U.S.C. § 1357(a)(1). Section 1357 also gives an immigration officer the "power without warrant" to arrest any alien in the United States if he has reason to believe that the alien so arrested is in the United States in violation of any immigration law or regulation and is likely to escape before a warrant can be obtained for his arrest.  But the person arrested is to be taken "without unnecessary delay" for examination before an officer of INS having authority to examine aliens as to their right to enter or remain in the United States.  8 U.S.C. § 1357(a)(2).

Federal regulations require that an alien subject to a warrantless arrest be examined by an officer, and if the examining officer is satisfied there is prima facie evidence the noncitizen is present in the United States in violation of immigration laws, the examining officer is to refer the case to an immigration judge for further inquiry. *See* 8 C.F.R. § 287.3(a)-(b). A determination is to be made within a reasonable period of time as to whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued. 8 C.F.R. § 287.3(d). Officers authorized to issue an arrest warrant may release a noncitizen if the noncitizen shows "that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8).

Section 1226(e) states "the Attorney General's discretionary judgment regarding the application of that section shall not be subject to review."  This language permits courts to review the constitutionality of "legislation authorizing [a petitioner's] detention without bail."  *See Demore v. Kim,* 538 U.S. 510, 517 (2003) (The "clear text [of § 1226(e) does not bar respondent's constitutional challenge . . .")' *see also Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018)

(Observing that § 1226(e) does not preclude 'challenges [to] the statutory framework that permits [the alien's] detention without bail.'") (alterations in the original); *Mwangi v. Terry,* 465 F. App'x 784, 787 (10th Cir. 2012); *Hernandez v. Lyons,* 10 F.4th 19, 41 (1st Cir. 2021).  But the statute does not permit this Court to conduct what amounts to appellate review of the Immigration Judge's discretionary decision.  This Court lacks jurisdiction under § 1226(e) to review discretionary judgments in bond hearings.  *Jennings*, 583 U.S. at 295 (§ 1226(e) precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding detention or release); *Mwangi*, 465 F. App'x 787 (court lacks jurisdiction to the extent a petitioner challenges the agency's discretionary bond decision).

## Analysis

### 1.  Petitioner Received a Bond Hearing.

Petitioner is subject to the provisions of 8 U.S.C. § 1226 and was entitled to a detention/bond determination.  **[Doc. 6 at 3; Doc. 7 at 1].**  However, the statutory and regulatory requirements appear to have been followed in this case.  Petitioner was arrested on January 27, 2026, in Minnesota following a showing he was not a U.S. citizen and was in this country in violation of United States immigration laws. **[Doc. 7-1]**. As required by law, a Notice to Appear was issued on February 6, 2026, and Petitioner was set for a detention/bond hearing before an Immigration Judge. **[Doc. 7-2, 7-3 at 3]**. 8 C.F.R. § 236.1; 8 C.F.R. § 287.3.  The hearing was held without unnecessary delay.  The Immigration Judge determined, based on the evidence, that Petitioner had not shown he was not a flight risk, and denied bond as a matter of discretion. **[Doc. 7-3 at 1]**. 8 U.S.C. § 1226; 8 C.F.R. § 236.1(c)(8).

Petitioner has received a bond hearing as required for detention under 8 U.S.C. § 1226. Therefore, he is not entitled to habeas corpus relief based on the failure to provide him an additional bond hearing.

### 2. The Court Cannot Review the Discretionary Decision of the Immigration Judge.

Petitioner appears not to have taken his appeal from the Immigration Judge's determination but, instead, has chosen to challenge the Immigration Judge's discretionary decision through a habeas corpus petition. **[Doc. 8]**. Petitioner argues that the Immigration Judge's determination failed to adequately consider the evidence and was arbitrary and capricious. **[Doc. 1 at 8, Doc. 8 at 3]**. But Petitioner cannot seek habeas corpus relief based on discretionary bond denial decisions. *Jennings*, 583 U.S. at 295. The arguments he makes are more clearly arguments best reviewed on direct appeal from the Immigration Judge's discretionary determination. Section 1226(e) precludes review by this Court of the Immigration Judge's discretionary judgment. *Jennings*, 583 U.S. at 295 Therefore, the Court lacks jurisdiction and will dismiss this case without prejudice.

### 3. Petitioner's *Zadvydas* Argument is Premature.

Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Section 1231 governs the detention of noncitizens "during" and "beyond" the "removal period." 8 U.S.C. § 1231(a)(2)-(6). In general, when a noncitizen is ordered removed, the Attorney General shall remove them within 90 days, which is known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" begins once a noncitizen's removal order "becomes administratively final," 8 U.S.C. § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *See Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of

6

two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted).  "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231).  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699.  In *Zadvydas* the Supreme Court determined that a six-month detention period is presumptively reasonable.  *Id.* at 701.  "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional.  *Id. at* 701.

In this case, the removal order did not become final until the appeal time ran at the end of April, 2026.  **[Doc. 7 at 2]**.  The 90-day removal period has not expired and the six-month period under *Zadvydas* has not started to run.  *See Ngefack v. Castro*, 2026 WL 473161, at *1 (D.N.M. Feb. 19, 2026) (Petitioner does not appear to raise a colorable claim challenging his detention under 8 U.S.C. § 1231 or *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001)); *Valera-Marin v. Lyons,* 2025 WL 3687978, at *3 (D.N.M. Dec. 19, 2025) (rejecting argument regarding the six-month detention period); *Themeus v. U.S. Dep't of Just.*, 643 Fed. App'x 830, 833 (11th Cir. 2016) (noting § 1231's "removal period generally begins to run once the order of removal becomes final").  Petitioner is not entitled to release under *Zadvydas* or 8 U.S.C. § 1231.

Petitioner claims he should still be released because appealing the bond determination would be futile and a lengthy process.  Petitioner contends removal is impossible and Petitioner will be detained indefinitely because there is no country that will accept him. **[Doc. 1 at 6-7; Doc. 8 at 2-3].**  The Court acknowledges the unusual circumstances presented by this case.  However, Petitioner's argument is speculative at this point.  Because Petitioner did not appeal, the denial of bond only recently became final and the 90-day statutory period under 8 U.S.C. § 1231(a)(1)(B) and 8 U.S.C. § 1101(a)(47)(B) has only begun to run.  Petitioner's *Zadvydas* argument is premature.  The Court will dismiss the Petition without prejudice for lack of jurisdiction and as premature.

**IT IS ORDERED:**

**(1)** the Motion to Dismiss and Response to Petition for Writ of Habeas Corpus filed by Respondents **[Doc. 7] is GRANTED**; and

**(2)** the Petition for Writ of Habeas Corpus filed by Petitioner **[Doc. 1]** is **DISMISSED without prejudice** for lack of jurisdiction and as premature.

_/s/_____
WIILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE